# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **THE NOCO COMPANY** | ) | |
| 30339 DIAMOND PARKWAY, #102 | ) | CASE NO: |
| GLENWILLOW, OHIO 44139, | ) | |
| | ) | JUDGE: |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **KLOTAR ECOM LLC** | ) | |
| 1909 E 20th St. | ) | |
| SUITE 6 | ) | |
| FARMINGTON, NM 87401 | ) | |
| | ) | |
| SERVE ALSO | ) | |
| | ) | |
| C/O REGISTERED AGENT | ) | |
| REPUBLIC REGISTERED AGENT SERVICES | ) | |
| INC | ) | |
| 8206 LOUISIANA BLVD. NE SUITE, A | ) | |
| ALBURQUERQUE, NM 87113 | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT
# (JURY DEMAND ENDORSED HEREIN)

Plaintiff The NOCO Company d/b/a NOCO ("***Plaintiff***" or "***NOCO***") by and through

the undersigned counsel, and for its Complaint against Klotar Ecom LLC ("***Defendant***"),

states as follows:

1

## INTRODUCTION

1.     Defendant is engaged in the unauthorized sale of products which bear and infringe upon NOCO's brand, copyrights, trademarks, and intellectual property rights. Defendant's unauthorized sales and infringing activities are illegal, have harmed, and will continue to harm Plaintiff.

2.     As alleged in more detail below, although products sold by Defendant may have been manufactured by NOCO, they are materially different from the products received by consumers when purchased from NOCO or through NOCO's authorized channels because a consumer who purchases a product from Defendant does not receive the benefit of NOCO's warranty, customer service, or quality controls, among other benefits.

3.     Defendant's unlawful and unauthorized use of NOCO's brand, copyrights, trademarks, and intellectual property to sell products that are materially different than genuine NOCO products (the *"Infringing Products[1]"*) constitutes trademark infringement, trademark dilution, unfair competition, violations of the Ohio Deceptive Trade Practices Act, and false advertising.

4.     The Infringing Products sold by Defendant are materially different to those sold by Plaintiff because, *inter alia*, Defendant's unauthorized sales do not include important warranty protections included with NOCO-branded products sold through Plaintiff's authorized channels and, upon information and belief, because Products sold by Defendant

---

[1] The term "Infringing Products" means NOCO-branded products that have acquired material differences from genuine NOCO Products in being handled, stored, and sold outside of NOCO's authorized distribution channels. Infringing Products are materially different from genuine NOCO Products despite bearing NOCO's brand, copyrights, trademarks, and/or intellectual property.

are not stored or handled in accordance with Plaintiff's quality controls nor associated with Plaintiff's superior customer service.

## PARTIES

5.      Plaintiff designs, manufactures, and sells battery chargers, portable power devices, and related battery products and accessories (collectively, the "***Products***").

6.      Upon information and belief, Defendant is a domestic limited liability company organized and existing under the laws of New Mexico with a principal place of business at 1909 E 20th St, Suite 6, Farmington, NM, 87401.

7.      Defendant is selling Infringing Products and using Plaintiff's proprietary intellectual property in connection with such sales without Plaintiff's permission or consent.

## JURISDICTION/VENUE

8.      This Court has subject matter jurisdiction over NOCO's declaratory judgment claim pursuant to 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57.

9.      This Court has subject matter jurisdiction over NOCO's trademark and unfair competition claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because NOCO's trademark and unfair competition claims are predicated on 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) and (c).

10.     This Court also has original subject matter jurisdiction over Plaintiff's unfair competition claims, pursuant to 28 U.S.C. §1338(B) because they are joined with Plaintiff's substantial and related trademark claims.

11.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over NOCO's remaining claims which form part of the same case or controversy under Article III of the United States Constitution as NOCO's trademark and unfair competition claims.

12.     Pursuant to Fed. R. Civ. P. 4(k)(1)(a) and O.R.C. § 2307.382, this Court has personal jurisdiction over Defendant because Defendant has, among other things: i) transacted business in Ohio; ii) contracted to supply goods in Ohio; iii) caused tortious injury in Ohio by acts committed in Ohio; iv) caused tortious injury in Ohio by acts committed outside of Ohio while regularly engaging in business and deriving substantial revenue from goods consumed in Ohio; and/or v) caused tortious injury in Ohio by acts committed outside of Ohio with knowledge that Plaintiff would be harmed within the State of Ohio.

13.     As alleged in more detail below, Defendant purposely avails itself to the benefits and protections of Ohio law by, *inter alia*, knowingly purchasing from Ohio Resellers (defined below) and selling and shipping goods to Ohio consumers.

14.     Defendant knowingly sells Infringing Products into this forum, intentionally interferes with Ohio contracts, and purposefully harms Plaintiff's reputation and goodwill within the jurisdiction of this forum, where Defendant is aware that Plaintiff is located.

15.     Upon information and belief, Defendant's activities have been significant, and Defendant has made substantial and regular advertisements, marketing, shipments, distributions, and sales of Infringing Products to customers located within this forum's jurisdiction.

16.     NOCO's claims arise directly from Defendant's conduct and related activities within this forum, including its infringing marketing, sales, and shipments into this forum, which are directly related and relevant to NOCO's causes of action.

17.     This Court's exercise of personal jurisdiction over Defendant is fair and reasonable because Defendant has demonstrated an intent to avail itself to the benefits and protections of the laws that govern this forum through the nature, regularity, and relevance of Defendant's contacts with this forum.

18.     As such, jurisdiction is reasonable and consistent with due process.

19.     Venue is proper pursuant to, at least, 28 U.S.C. § 1391(b)(2) because a significant portion of the events giving rise to Plaintiff's claims, including Defendant's infringing sales, inducement by Defendant of Resellers' (defined below) contractual violations, and harm to Plaintiff's reputation and goodwill, occurred in this District.

## BACKGROUND
### *Plaintiff's Trademarks Possess Considerable Value*

20.     Plaintiff is the owner of the trademarks NOCO®, with Registration Number 5,238,298 and NOCO GENIUS®, with Registration Number 6,175,029, (collectively, its "***Trademarks***"). The registrations for the Trademarks are valid, subsisting, and in full force and effect.

21.     Examples of Plaintiff's use of the Trademarks are included as Figures 1 and 2 below.



*Figure 1: NOCO product listing for the GENIUS1, available at no.co/genius1.*



*Figure 2: NOCO product listing for the GENIUS1, available at no.co/genius 1.*

22.     NOCO actively uses, advertises, and markets its Copyrights and Trademarks in commerce throughout the United States and the world.

23.     Consumers recognize NOCO's Copyrights and Trademarks as being associated with premium battery chargers, portable jump starters, and related accessories of the highest quality and durability in their respective industries.

24.     Because of the quality, reliability, and durability of NOCO's Products, consumers trust NOCO's Products and associate NOCO's Products with high quality, reliable, and durable products.

25.     For all of these reasons, NOCO's Copyrights and Trademarks are widely recognized by the general consuming public of the United States and NOCO is recognized as the source of the Products bearing NOCO's Copyrights and Trademarks.

26.     Due to the superior quality and exclusive distribution of NOCO's Products, and because NOCO is uniquely recognized as the source of these high-quality products, NOCO's Copyrights and Trademarks have considerable value.

### *Plaintiff Uses Authorized Resellers to Protect Its Brand and Reputation*

27.     Plaintiff sells its Products on its website (https://no.co/), to wholesalers and authorized resellers (each, a "*Reseller*" and together, "*Resellers*"), and through online stores such as Walmart.

28.     When Plaintiff sells to Resellers, Plaintiff enters into contracts with such Resellers (each, a "*Reseller Agreement*" and collectively, the "*Reseller Agreements*"). An

example of a Reseller Agreement is attached as Exhibit 1. Resellers may only sell NOCO Products pursuant to a Reseller Agreement.

29.     Plaintiff devotes a significant amount of time, energy, and resources toward protecting the value of NOCO's brand, products, name, and reputation. By distributing NOCO Products exclusively through its own channels and through authorized Resellers, Plaintiff promotes the safety of its products and maintains the integrity and reputation of its brand. In the highly competitive battery charger, portable jump starter, and accessories industries, quality, customer support, and warranties are fundamental to a customer's decision to purchase a product.

30.     Plaintiff uses Reseller Agreements to promote fair competition between Resellers and to protect its brand, its goodwill, and its valuable intellectual property, including its Copyrights and Trademarks.

31.     The Reseller Agreements limit Resellers' use of the Copyrights and Trademarks to avoid brand dilution, tarnishment, and confusion as to the origin of the Products.

32.     The Reseller Agreements only permit Resellers to sell Products to retail consumers and expressly prohibit bulk sales or sales to wholesalers. *See* Exh. 1.

33.     The Reseller Agreements also specify that any warranties associated with the Products are only valid when sold by authorized Resellers. *Id.*

*__Defendant Begins Selling Infringing Products Without Authorization__*

34.     At least since November 1, 2023, Plaintiff has been aware, and has so notified Defendant, that Defendant was selling Infringing Products and using Plaintiff's Trademarks without Plaintiff's authorization or consent.

35.     Defendant sells Infringing Products online on www.Walmart.com using the Walmart storefront Klotar Ecom LLC (the "*__Storefront__*"), and possibly other websites. An example of Defendant's storefront is attached as Exhibit 2.

36.     Upon information and belief, Defendant purchases NOCO Products from Resellers, including Ohio Resellers.

37.     Upon information and belief, each Reseller from which Defendant purchases NOCO Products has entered into a Reseller Agreement with Plaintiff, all of which were executed in Ohio and governed by Ohio law.

38.     Upon information and belief, Defendant sends communications into Ohio to induce Resellers to sell NOCO Products to Defendant in bulk for the purpose of resale.

39.     Upon information and belief, Defendant sends payments to Ohio Resellers and accepts shipments of NOCO Products from Ohio Resellers.

40.     Upon information and belief, Defendant has sold Infringing Products to Ohio consumers.

41.     Upon information and belief, Defendant has accepted payments from Ohio consumers.

42.     Upon information and belief, Defendant has shipped or caused to be shipped Infringing Products to Ohio consumers.

43.     Upon information and belief, Defendant has transported its Infringing Products through facilities for transportation, distribution, and/or delivery of the Infringing Product to Ohio consumers.

44.     Upon information and belief, Defendant has accepted returns of products from Ohio consumers.

45.     Upon information and belief, Defendant offers continuing warranty protections on products sold to Ohio consumers.

46.     Upon information and belief, Defendant is fully aware of its sales to Ohio consumers because Defendant generates: (i) invoices concerning sales with Ohio consumers; (ii) receipts which reflect Ohio consumers' addresses; and (iii) shipping labels which reflect that Infringing Products are being shipped to Ohio.

47.     Upon information and belief, as of the date of this filing, Defendant continues to violate Plaintiff's contractual and intellectual property rights.

### *Plaintiff Demands Defendant Cease Selling Infringing Products*

48.     On November 1, 2023, the counsel for NOCO sent a letter informing Defendant that it was, *inter alia*, selling Infringing Products without authorization and that such sales violated Plaintiff's intellectual property rights in its Copyrights and Trademarks (the "*Letter*"). The Letter is attached as Exhibit 3.

49.     The Letter put Defendant on notice of Plaintiff's claims and requested that Defendant cease selling Infringing Products immediately.

50.     The Letter also put Defendant on notice that its unlawful conduct was harming Plaintiff in Ohio, where it is located and has cultivated its reputation and goodwill.

51.     As of the date of this filing, Defendant has failed to cease selling Infringing Products and continues to violate Plaintiff's intellectual property rights, with knowledge that Plaintiff is being harmed in Ohio.

52.     Defendant's continued infringing conduct after receiving the Letter constitutes willful infringement of Plaintiff's intellectual property rights.

### *Infringing Products Sold by Defendant are Materially Different to Those Sold by Plaintiff and its Authorized Resellers*

53.     The Infringing Products sold by Defendant are materially different to those sold by Plaintiff and its authorized Resellers because Defendant does not include important warranty protections when selling Infringing Products because Defendant is not an authorized Reseller.

54.     The Infringing Products sold by Defendant are materially different to those sold by Plaintiff because, as NOCO understands, Defendant does not store or handle products in accordance with Plaintiff's quality controls – an issue of particular importance for electronics and lithium battery products.

55. Upon information and belief, Infringing Products sold by Defendant are materially different to those sold by Plaintiff because Defendant offers products and customer service that are inferior to NOCO's Products and customer service.

**Count One**
**Declaratory Judgment/Injunctive Relief**
**28 U.S.C. § 2201(a), Fed. R. Civ. P. 57, and 15 U.S.C. § 1116**

56. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

57. An actual and justiciable controversy exists between NOCO and Defendant related to whether Defendant has the right to sell Infringing Products without NOCO's consent and in violation of NOCO's rights in its Trademarks, Copyrights, and intellectual property.

58. The Court, pursuant to 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57, should declare that Defendant has no right or authorization to sell Infringing Products, or use NOCO's Trademarks, Copyrights, or intellectual property, as these actions have harmed and continue to harm Plaintiff in an amount to be determined at trial.

59. The Court should further declare that Defendant had actual notice that it was not authorized to sell Infringing Products, or use NOCO's Trademarks, Copyrights, and intellectual property, and that Defendant's willful use and continued sales violates NOCO's rights in its Trademarks, Copyrights, and intellectual property.

60.     Such a declaration is proper, pursuant to 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57, because it would terminate the controversy between the parties and remove an uncertainty with respect to this issue.

61.     NOCO is also entitled to injunctive relief under 15 U.S.C. § 1116 because NOCO has no adequate remedy at law for Defendant's infringement and, unless Defendant is permanently enjoined, NOCO will suffer irreparable harm.

**Count Two**
**Unfair Competition**
**15 U.S.C. §1125(a)**

62.     Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

63.     Plaintiff is the owner of the Trademarks, which are registered with the United States Patent and Trademark Office.

64.     The Trademarks are valid, subsisting, and in full force and effect.

65.     Defendant has willfully and knowingly used, and continues to use, NOCO's Trademarks in interstate commerce for purposes of selling Infringing Products without NOCO's consent.

66.     The Infringing Products Defendant advertises and sells, which bear NOCO's Trademarks, are not authorized for sale by NOCO.

67.     The Infringing Products Defendant advertises and sells which bear NOCO's Trademarks, do not come with NOCO's warranty.

68.     Upon information and belief, Infringing Products Defendant advertises and sells, which bear NOCO's Trademarks, are not subject to, do not abide by, and interfere with NOCO's quality controls and customer service.

69.     Because Infringing Products Defendant advertises and sells, which bear NOCO's Trademarks, do not come with NOCO's warranty, and are not subject to, do not abide by, and interfere with NOCO's quality controls and customer service, the Infringing Products Defendant advertises and sells are materially different from genuine NOCO Products.

70.     Because the Infringing Products Defendant advertises and sells which bear NOCO's Trademarks do not come with NOCO's warranty, and are not subject to, do not abide by, and interfere with NOCO's quality controls and customer service, the Infringing Products Defendant advertises and sells are not genuine NOCO Products.

71.     Defendant's unauthorized advertisement and sale of Infringing Products is likely to cause confusion, cause mistake, or deceive consumers because it suggests that Infringing Products come with NOCO's warranty and are subject to and abide by NOCO's quality controls when, in fact, they are not.

72.     Defendant's unauthorized advertisement and sale of Infringing Products, is likely to cause confusion, cause mistake, or deceive consumers because it suggests Infringing Products are equivalent to genuine NOCO Products when, in fact, they are not.

73.     Defendant's unauthorized advertisement and sale of Infringing Products is likely to cause confusion, cause mistake, or deceive consumers because it suggests that

Infringing Products are sponsored by, authorized by, or otherwise connected with NOCO when, in fact, they are not.

74.    Defendant's actions, including, but not limited to, its unauthorized sale of Infringing Products and its unauthorized use of the Trademarks, constitute unfair competition.

75.    Defendant's unauthorized use of NOCO's Trademarks has infringed upon and materially damaged the value of NOCO's Trademarks and caused significant damage to NOCO's business relationships.

76.    As a result of Defendant's actions, NOCO has suffered, and will continue to suffer, damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

77.    NOCO is entitled to recover damages caused by Defendant's infringement of NOCO's Trademarks and disgorge Defendant's profits from its willfully infringing sales and unjust enrichment.

78.    NOCO is entitled to injunctive relief under 15 U.S.C. § 1116 because NOCO has no adequate remedy at law for Defendant's infringement and, unless Defendant is permanently enjoined, NOCO will suffer irreparable harm.

79.    NOCO is also entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendant willfully, intentionally, maliciously, and in bad faith infringed on NOCO's Trademarks.

## Count Three
## Tortious Interference with Contract

80.     Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

81.     NOCO has entered into Reseller Agreements with Resellers to sell NOCO Products. These Reseller Agreements specifically prohibit NOCO's authorized Resellers from selling NOCO Products to third parties, such as Defendant, for purposes of resale.

82.     NOCO has not, itself, sold any NOCO Products to Defendant.

83.     Given the foregoing facts it is plausible and a reasonable inference that Defendant has purchased the NOCO products they are reselling, and have resold, from one or more of NOCO's authorized Resellers.

84.     Defendant knew that NOCO's Reseller Agreements prohibit Resellers from selling NOCO Products to third parties, such as Defendant, for purposes of resale at least since receipt of the Letter, if not longer.

85.     Despite this knowledge, Defendant intentionally, knowingly, and willfully interfered with the agreements between NOCO and its Reseller(s) by inducing NOCO's Reseller(s), including Ohio Reseller(s), to sell NOCO Products to Defendant in breach of the Reseller Agreement(s).

86.     As a direct and proximate cause of Defendant's interference, NOCO has suffered, and will continue to suffer, damages in an amount to be proven at trial.

**Count Four**
**Trademark Infringement**
**15 U.S.C. § 1114 and 1125(a)(1)(a)**

87.     Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

88.     NOCO is the owner of the Trademarks, which are registered with the United States Patent and Trademark Office.

89.     The Trademarks are valid, subsisting, and in full force and effect.

90.     Defendant has willfully and knowingly used, and continues to use, NOCO's Trademarks in interstate commerce for purposes of selling Infringing Products on the Internet without NOCO's consent.

91.     The Infringing Products are not authorized for sale by NOCO.

92.     The Infringing Products do not come with NOCO's warranty.

93.     Upon information and belief, the Infringing Products are not subject to, do not abide by, and interfere with NOCO's quality controls and customer service.

94.     Because Infringing Products do not come with NOCO's warranty, and are not subject to, do not abide by, and interfere with NOCO's quality controls and customer service, Infringing Products are materially different from genuine NOCO Products.

95.     Because Infringing Products do not come with NOCO's warranty, and are not subject to, do not abide by, and interfere with NOCO's quality controls and customer service, Infringing Products are not genuine NOCO Products.

96.     Defendant's unauthorized sale of Infringing Products is likely to cause confusion, cause mistake, or deceive consumers because it suggests that Infringing Products come with NOCO's warranty and are subject to and treated according to NOCO's quality controls when, in fact, they do not.

97.     Defendant's unauthorized advertisement and sale of Infringing Products is likely to cause confusion, cause mistake, or deceive consumers because it suggests Infringing Products are genuine NOCO Products when, in fact, they are not.

98.     Defendant's unauthorized advertisement and sale of Infringing Products is likely to cause confusion, cause mistake, or deceive consumers because it suggests that Infringing Products are sponsored by, authorized by, or otherwise connected with NOCO when, in fact, they are not.

99.     Defendant's unauthorized use of NOCO's Trademarks has infringed upon and materially damaged the value of NOCO's Trademarks and caused significant damage to NOCO's business relationships.

100.     NOCO informed Defendant that its sales of Infringing Products infringed on NOCO's rights in the Trademarks and Defendant's continued use of the Trademarks constitutes knowing and willful trademark infringement pursuant to 15 U.S.C. § 1114.

101.     As a proximate result of Defendant's actions, NOCO has suffered, and will continue to suffer, damage to its business, goodwill, reputation, and profits in an amount to be determined at trial.

102.     NOCO is entitled to recover damages caused by Defendant's infringement of NOCO's Trademarks and disgorge Defendant's profits from his willfully infringing sales and unjust enrichment.

103.     NOCO is entitled to injunctive relief under 15 U.S.C. § 1116 because Plaintiff has no adequate remedy at law for Defendant's infringement and unless Defendant is permanently enjoined, Plaintiff will suffer irreparable harm.

104.     Plaintiff is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendant willfully, intentionally, maliciously, and in bad faith infringed on NOCO's Trademarks.

## Count Five
### Trademark Dilution (15 U.S.C. § 1125(c))

105.     Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

106.     The Trademarks have become famous as a result of long-time registration in numerous jurisdictions, voluminous sales through numerous prominent channels of trade, and extensive and far-reaching advertising efforts over an extended period of time.

107.     The Trademarks are well known and distinctive within the battery and automotive accessory industry.

108.     Defendant's use of the Trademarks in connection with sales of Infringing Products is causing the willful dilution of the Trademarks by blurring and tarnishing the reputation and goodwill associated with the Trademarks in violation of 15 U.S.C. § 1125(c).

109.    As a proximate result of Defendant's actions, NOCO has suffered, and will continue to suffer, damage to its business, goodwill, reputation, and profits in an amount to be determined at trial.

110.    NOCO is entitled to recover its damages caused by Defendant's infringement of the NOCO's Trademarks and disgorge Defendant's profits from his willfully infringing sales and unjust enrichment.

111.    NOCO is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Defendant's infringement and unless Defendant is permanently enjoined, NOCO will suffer irreparable harm.

112.    NOCO is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendant willfully, intentionally, maliciously, and in bad faith infringed on NOCO's Trademarks.

**Count Six**
**Ohio Deceptive Trade Practices**
**O.R.C. § 4165.02**

113.    Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

114.    Defendant's unauthorized use of the Trademarks is likely to cause confusion as to the source of Infringing Products in violation of O.R.C. § 4165.02(A)(2).

115.    Defendant's unauthorized use of the Trademarks creates the misperception that Defendant and Plaintiff are affiliated, which violates O.R.C. § 4165.02(A)(3).

**Count Seven**
**False Advertising**
**15 U.S.C. § 1125(a)(1)(B)**

116.　Plaintiff incorporates each and every preceding paragraph as if fully restated herein.

117.　NOCO is the owner of the Trademarks.

118.　NOCO has registered the Trademarks with the United States Patent and Trademark Office.

119.　The Trademarks are valid and subsisting trademarks in full force and effect.

120.　Through the Storefront, Defendant has willfully and knowingly used, and continued to use, the Trademarks in interstate commerce for purposes of advertising, promoting, and selling the Infringing Products without NOCO's consent.

121.　Defendant's advertisements and promotions of the Infringing Products unlawfully using the Trademarks have been disseminated throughout commerce to consumers across the country.

122.　Defendant has used, and continues to use, the Trademarks to falsely advertise that the Infringing Products Defendant sells come with NOCO's warranty.

123.　Such advertisement is false because NOCO's warranty does not come with the Infringing Products sold by Defendant.

124.　Products purchased from NOCO and its Authorized Resellers come with NOCO's warranty.

125. NOCO cannot ensure the source, legitimacy, or quality of products sold by unauthorized resellers such as Defendant.

126. Therefore, products sold by unauthorized resellers like Defendant do not come with NOCO's warranty.

127. The Storefront lists that a warranty is included with the product purchase.

128. Such representation is false because the Infringing Products sold by Defendant do not come with NOCO's warranty.

129. Defendant's use of the Trademarks in connection with the unauthorized advertising, promotion, and sale of Infringing Products bearing the Trademarks misrepresents the nature, characteristics, qualities, and origin of Defendant's Infringing Products because it suggests that the Infringing Products come with NOCO's warranty when, in fact, they do not.

130. Defendant's use of the Trademarks in connection with the unauthorized advertising, promotion, and sale of Infringing Products bearing the Trademarks is likely to cause confusion, cause mistake, or deceive because it falsely suggests that the Infringing Products Defendants offer for sale are genuine and authentic products that come with NOCO's warranty, when in fact they do not.

131. Defendant's unauthorized and deceptive use of the Trademarks is material and likely to influence customers to purchase the Infringing Products they sell, as consumers are likely to believe that Infringing Products Defendant advertises using the Trademarks are genuine products that come with NOCO's warranty when, in fact, they do not.

132.     Defendant's unauthorized use of the Trademarks in advertising and sale of the Infringing Products without NOCO's consent infringes on the Trademarks.

133.     As a proximate result of Defendant's actions, NOCO has suffered, and will continue to suffer, damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

134.     NOCO is entitled to recover its damages caused by Defendant's infringement of the Trademarks and disgorge Defendant's profits from their willfully infringing sales and unjust enrichment.

135.     NOCO is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Defendants' infringement and unless Defendants are permanently enjoined, NOCO will continue to suffer.

136.     NOCO is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendants willfully, intentionally, maliciously, and in bad faith infringed on the Trademarks.

As a result, Plaintiff has suffered damages and will continue to suffer damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment as follows:

A.     That the Court issue an order declaring the following findings of fact and law:

- Since Defendant is not an authorized Reseller, any products Defendant sells which bear NOCO's brand, Trademarks, and/or intellectual property are materially different than genuine NOCO Products because the products do not come with NOCO's warranties and are

not subject to, and interfere with, NOCO's legitimate and substantial quality controls;

- Defendant's unlawful sales of products which bear NOCO's brand, Trademarks, and/or intellectual property constitute unfair competition, trademark infringement, trademark dilution, and violations of Ohio's Deceptive Trade Practices Act;

- Defendant has no right or authorization to sell any products which bear NOCO's brand, Trademarks, and/or intellectual property; and

- Defendant has tortiously interfered with NOCO's contractual relationships with its Resellers by inducing NOCO's Resellers to sell Defendant products which bear NOCO's brand, Trademarks, and/or intellectual property;

B. Judgment in favor of Plaintiff and against Defendant in an amount to be determined at trial, but in excess of $75,000, including, but not limited to, compensatory damages, statutory damages, enhanced damages, restitution, including disgorgement of profits, punitive damages, and prejudgment and post-judgment interest, as permitted by law;

C. That a permanent injunction be issued enjoining Defendant and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendant, and all of those in active concert and participation with Defendant (the "*Enjoined Parties*") as follows:

- Prohibiting the Enjoined Parties from advertising or selling, via the Internet or otherwise, any products which bear NOCO's brand, Trademarks, and/or intellectual property;

- Prohibiting the Enjoined Parties from using NOCO's brand, Trademarks, and/or intellectual property in any manner, including advertising on the Internet;

- Prohibiting the Enjoined Parties from importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising,

promoting, or displaying any and all products which bear NOCO's brand, Trademarks, and/or intellectual property;

- Prohibiting the Enjoined Parties from disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain NOCO's brand, Trademarks, and/or intellectual property including: invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendant has sold bearing NOCO's brand, Copyrights, Trademarks, and/or intellectual property;

- Requiring the Enjoined Parties to take all action to remove from the Enjoined Parties' websites any reference to any NOCO Products or NOCO's brand, Trademarks, and/or intellectual property;

- Requiring the Enjoined Parties to take all action, including but not limited to, requesting removal from the Internet search engines (such as Google, Yahoo!, and Bing), to remove from the Internet any uses of the NOCO's brand, Trademarks, and/or intellectual property which associate NOCO's Products or NOCO's brand, Trademarks, and/or intellectual property with the Enjoined Parties or the Enjoined Parties' website;

- Requiring the Enjoined Parties to take all action to remove unauthorized uses of NOCO's brand, Trademarks, and/or intellectual property from the Internet, including from the website www.amazon.com and www.walmart.com;

D.     An award of attorneys' fees, costs, and expenses; and

E.     Such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon P. Pinney*
JON J. PINNEY (0072761)
ROBERT E. ZULANDT III (0071497)
DEREK P. HARTMAN (0087869)
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114
Phone: 216-696-8700; Fax: 216-621-6536
Email: jjp@kjk.com; rez@kjk.com; dph@kjk.com
*Counsel for Plaintiff*


## JURY DEMAND

Plaintiff respectfully demands a trial by jury pursuant to Fed. R. Civ. P. 38.

*/s/ Jon J. Pinney*
JON J. PINNEY